# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : Bankruptcy No. 17-16606-amc |
|     Emilienne S. Cadet | : Chapter 13 |
|         Debtor | : |
| Wells Fargo Bank, National Association, not in its individual or banking capacity but solely as trustee for the SRMOF II 2011-1 Trust c/o Selene Finance, LP | : : : : |
|         Movant | : |
| | : |
| vs. | : |
| | : |
| Emilienne S. Cadet and Joseph B. Cadet (Non-filing Co-Debtor) | : : |
|         Debtors/Respondents | : |
| and | : |
| William C. Miller, Esquire | : |
|         Trustee/Respondent | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY, UNDER 11 U.S.C. § 362 AND CO-DEBTOR STAY UNDER 11 U.S.C. § 362 AND §1301

Movant, by its Attorneys, Hladik, Onorato & Federman, LLP, hereby requests a Termination of the Automatic Stay and leave to proceed with its State Court rights provided under the terms of the Mortgage.

1. Movant is Wells Fargo Bank, National Association, not in its individual or banking capacity but solely as trustee for the SRMOF II 2011-1 Trust c/o Selene Finance, LP ("Movant").

2. Debtor, Emilienne S. Cadet ("Debtor") and Joseph B. Cadet ("Non-filing Co-Debtor") are the owners of the premises located at 1209 Knorr Street, Philadelphia, PA 19111 (the "Property").

3. William C. Miller, Esquire is the Trustee appointed by the Court.

4. Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on September 28, 2017.

5. Movant is the holder of a mortgage lien on the Property in the original principal amount of $35,100.00, which was recorded on December 6, 2006 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as Exhibit "A."

6. The Mortgage was assigned to Movant by way of a written assignment of mortgage which was recorded on March 22, 2018. A true and correct copy of the assignment of mortgage is attached hereto as Exhibit "B."

7. Movant has not received the monthly post-petition Mortgage payments from February 01, 2018 through May 1, 2019 in the amount of $330.95 each, less Suspense in the amount of $159.04, as well as attorney fees and costs in the amount of $1,031.00, for a total post-petition arrearage of $6,167.16.

8. Movant has cause to have the Automatic Stay terminated, in order to permit Movant to complete foreclosure on its Mortgage.

**WHEREFORE,** Movant respectfully requests that this Court enter an Order:

a.	Modifying the Automatic Stay and Co-Debtor Stay under 11 U.S.C. § 362 and §1301 of the Bankruptcy Code with respect to the Property as to permit Movant to foreclose on its Mortgage and allow Movant or any other purchaser at Sheriff's Sale to take legal or consensual action for enforcement of its right to possession of, or title to; and

b.	Granting any other relief that this Court deems equitable and just.

Respectfully Submitted,

Date: 06/03/2019

/s/Danielle Boyle-Ebersole, Esquire
Danielle Boyle-Ebersole, Esquire
Hladik, Onorato & Federman, LLP
298 Wissahickon Avenue
North Wales, PA 19454
Phone 215-855-9521
Fax 215-855-9121

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br>    Emilienne S. Cadet<br>              Debtor<br>Wells Fargo Bank, National Association, not in its individual or banking capacity but solely as trustee for the SRMOF II 2011-1 Trust c/o Selene Finance, LP<br>              Movant<br>        vs.<br><br>Emilienne S. Cadet and Joseph B. Cadet (Non-filing Co-Debtor)<br>              Debtors/Respondents<br>        and<br>William C. Miller, Esquire<br>              Trustee/Respondent | : Bankruptcy No. 17-16606-amc<br>: Chapter 13<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**CERTIFICATION OF SERVICE OF MOTION,**
**RESPONSE DEADLINE AND HEARING DATE**

 I, Danielle Boyle-Ebersole, attorney for Movant, Wells Fargo Bank, National Association, not in its individual or banking capacity but solely as trustee for the SRMOF II 2011-1 Trust c/o Selene Finance, LP, hereby certify that I served a true and correct copy of the Motion for Relief from Automatic Stay and Notice of Motion, Response Deadline and Hearing Date, by United States Mail, first class, postage prepaid, or Electronic Mail on 06/03/2019 upon the following:

Georgette Miller, Esquire
Via Electronic Filing
*Attorney for Debtors*

William C. Miller, Esquire
Via Electronic Filing
*Trustee*

Emilienne S. Cadet
1209 Knorr Street
Philadelphia, PA 19111
Via First Class Mail
*Debtor*

Joseph B. Cadet
1209 Knorr Street
Philadelphia, PA 19111
Via First Class Mail
*Non-filing Co-Debtor*

 /s/Danielle Boyle-Ebersole, Esquire
 Danielle Boyle-Ebersole, Esquire
 Hladik, Onorato & Federman, LLP
 298 Wissahickon Avenue
 North Wales, PA 19454
 Phone 215-855-9521
 Fax 215-855-9121

# **EXHIBIT A**

*Aurora*





51586559
Page: 1 of 9
12/06/2006 09:26AM

Prepared By:

When Recorded Return To:
EQUIHOME MORTGAGE, CORP.
150 MORRISTOWN ROAD
BERNARDSVILLE, NEW JERSEY 07924
Attn.: SHIPPING DEPT./DOC. CONTROL

This Document Recorded
12/06/2006
09:26PM
Doc Code: M     Commissioner of Records, City of Philadelphia
Doc Id: 51586559
Receipt #: 556240
Rec Fee: 126.50

Colony Abstract Co. Inc.
283 Second Street Pike, Suite 190
Southampton, PA 18966

Premises: 1209 KNORR STREET, PHILADELPHIA, PENNSYLVANIA 19111

Secondary Mortgage Loan
*This agreement is subject to the provisions of the Secondary Mortgage Loan Act.*

# MORTGAGE 

MERS TELEPHONE: (888) 679-6377

THIS MORTGAGE is made this 13th day of November, 2006, between the Mortgagor, **JOSEPH B. CADET AND EMILIENNE CADET, HUSBAND AND WIFE** (herein "Borrower"), and the Mortgagee, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**EQUIHOME MORTGAGE, CORP.** ("Lender") is organized and existing under the laws of the State of **NEW JERSEY**, and has an address of **150 MORRISTOWN ROAD, BERNARDSVILLE, NEW JERSEY 07924**.
WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. **$35,100.00**, which indebtedness is evidenced by Borrower's note dated **November 13, 2006** and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **December 1, 2036**;
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of **PHILADELPHIA**, State of Pennsylvania:

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
VMP-75M(PA) (0508)                                                                                      Form 3839
                                                                                              Amended 6/02
Page 1 of 8                                                           Initials: [signatures]

pa2amrtd

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of 1209 KNORR STREET [Street] PHILADELPHIA [City], Pennsylvania 19111 [ZIP Code]
(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 2 of 8

Form 3839
Amended 6/02
Initials: _____

Document      Page 7 of 19

Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3.  **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4.  **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5.  **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 3 of 8

Form 3839
Amended 6/02
Initials: [signature]

form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 4 of 8

Form 3839
Amended 6/02
Initials:

this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 5 of 8

Form 3839
Amended 6/02
Initials: BEC

must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided by applicable law specifying, among other things: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, and costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to at least one hour before the commencement of bidding at a sheriff's sale or other sale pursuant to this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bond and reasonable attorneys' fees, and

---

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 6 of 8

Form 3839
Amended 6/02

Initials: [signature]

then to the sums secured by this Mortgage. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate stated in the Note.

### REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Witnesses:

_____    _____(Seal)
Witness                    JOSEPH B. CADET            -Borrower

_____    _____(Seal)
Witness                    EMILIENNE CADET            -Borrower

                           _____(Seal)
                                                      -Borrower

                           _____(Seal)
                                                      -Borrower

(Sign Original Only)

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Form 3839
Amended 6/02

COMMONWEALTH OF PENNSYLVANIA, Bucks County ss:

On this, the 13th day of Nov, 2006, before me, the undersigned officer, personally appeared JOSEPH B. CADET and EMILIENNE CADET, known to me (or satisfactorily proven) to be the persons whose name are subscribed to the within instrument and acknowledged that they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LORRAINE M. HAAG, Notary Public
Upper Southampton Twp., Bucks County
My Commission Expires October 13, 2010

_____
Title of Officer

Certificate of Residence

I, _L m Haag_, do hereby certify that the correct address of the within-named Mortgagee is P.O. Box 2026, Flint, MI 48501-2026.

Witness my hand this 13th day of Nov, 2006.

_____
Agent of Mortgagee

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 8 of 8

Form 3839
Amended 6/02

Initials: _____

# **EXHIBIT B**

Recorded in Philadelphia PA Doc Id 53361568
03/22/2018 02:07 PM Page 1 of 2    Rec Fee: $224.75
Receipt#: 18-27159
Records Department    Doc Code: A

Prepared by, Recording Requested By and Return to:
SELENE FINANCE LP
9990 RICHMOND AVE., SUITE 400 SOUTH
HOUSTON, TX 77042

# ASSIGNMENT OF MORTGAGE

*FOR VALUE RECEIVED,*
ASSIGNOR: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR EQUIHOME MORTGAGE CORP., ITS SUCCESSORS AND ASSIGNS,** whose MERS address is P.O. Box 2026, Flint, MI 48501-2026, and whose physical address is 1901 E. Voorhees St, Suite C, Danville, Il 61834, does hereby assign and transfer to
ASSIGNEE: **WELLS FARGO BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL OR BANKING CAPACITY BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST** whose address is C/O SELENE FINANCE LP, 9990 RICHMOND AVE., SUITE 400 SOUTH, HOUSTON, TX 77042, all its right, title and interest in and to the described Mortgage:
BORROWER: **JOSEPH B. CADET AND EMILIENNE CADET, HUSBAND AND WIFE**
BENEFICIARY: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR EQUIHOME MORTGAGE CORP., ITS SUCCESSORS AND ASSIGNS**
DATED: 11/13/2006     AMOUNT: **$35,100.00**
RECORDED: 12/6/2006 at Instrument or Document **51586559**, in the **PHILADELPHIA** County Clerk's Office, State of **PENNSYLVANIA**.

Property Address: 1209 KNORR STREET, PHILADELPHIA, PENNSYLVANIA 19111

Township: 53RD WARD OF THE CITY OF PHILADELPHIA

I certify that the address of the within named assignee is C/O SELENE FINANCE LP, 9990 RICHMOND AVE., SUITE 400 SOUTH, HOUSTON, TX 77042.
By: _/s/ Danielle R. Murphy_
Printed Name: DANIELLE R. MURPHY

Executed this ___2-6-2018___.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR EQUIHOME MORTGAGE CORP., ITS SUCCESSORS AND ASSIGNS**

By: _/s/ Donna Brammer_
Title: VICE PRESIDENT

# ACKNOWLEDGMENT

STATE OF TEXAS

COUNTY OF HARRIS

This instrument was acknowledged before me on 2/6/2018 by DONNA BRAMMER the VICE PRESIDENT of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., A DELAWARE CORPORATION, AS NOMINEE FOR EQUIHOME MORTGAGE CORP., ITS SUCCESSORS AND ASSIGNS, on behalf of said corporation.

_(signature)_
Notary Public in and for the State of TEXAS
Notary's Printed Name: DANIELLE R. MURPHY
My Commission Expires: 10/24/2020

DANIELLE R. MURPHY
Notary Public, State of Texas
Comm. Expires 10-24-2020
Notary ID 130873214

For $351,00.00 dated 11/13/2006

## Secondary Mortgage Loan

*This agreement is subject to the provisions of the Secondary Mort[gage]*

NOTE

| | | |
|---|---|---|
| November 13, 2006 | PHILADELPHIA | PENNSYLVANIA |
| Date | City | State |
| 1209 KNORR STREET, | PHILADELPHIA, PENNSYLVANIA | 19111 |
| Property Address | City   State | ZIP Code |

1. **BORROWER'S PROMISE TO PAY**

   In return for a loan that I have received, I promise to pay U.S. $ 35,100.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is EQUIHOME MORTGAGE, CORP.. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

2. **INTEREST**

   I will pay interest at a yearly rate of 10.875%.
   Interest will be charged on unpaid principal until the full amount of principal has been paid.

3. **PAYMENTS**

   I will pay principal and interest by making payments each month of U. S. $ 330.95.
   I will make my payments on the FIRST day of each month beginning on January 1, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on December 1, 2036, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
   I will make my monthly payments at 150 MORRISTOWN ROAD, BERNARDSVILLE, NEW JERSEY 07924 or at a different place if required by the Note Holder.

4. **BORROWER'S FAILURE TO PAY AS REQUIRED**

   (A) Late Charge for Overdue Payments
   If the Note Holder has not received the full amount of any of my monthly payments by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be five percent (5.00%) of my overdue payment, but not less than U.S. $ 16.55 and not more than U.S. $ 16.55. I will pay this late charge only once on any late payment.

   (B) Default
   If I do not pay the full amount of each monthly payment by the date stated in Section 3 above, I will be in default.
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described below, the Note Holder will still have the right to do so if I am in default at a later time.

   (C) Notice from Note Holder
   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or, if it is not mailed, 30 days after the date on which it is delivered to me.

   (D) Payment of Note Holder's Costs and Expenses
   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

5. **THIS NOTE SECURED BY A MORTGAGE**

   In addition to the protections given to the Note Holder under this Note, a Mortgage, dated November 13, 2006, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT
Page 1 of 2
Form 3939
Initials: [signature]

pa2anote

6. **BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

7. **BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

8. **GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

9. **RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

_____ (Seal)
JOSEPH B. CADET                 -Borrower

_____ (Seal)
EMILIENNE CADET                 -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

(Sign Original Only)

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT        Form 3939

Page 2 of 2

Document      Page 18 of 19

# ALLONGE TO THE NOTE

**INVESTOR #**

**EQUIHOME #** ▮▮▮▮▮▮▮

**NOTE DATE:** 11/13/2006

**BORROWER NAME(S):**  JOSEPH B CADET
EMILIENNE CADET

**PROPERTY ADDRESS:** 1209 KNORR STREET
Philadelphia PA 19111

**NOTE AMOUNT:** 35,100

**PAY TO THE ORDER OF:** LEHMAN BROTHERS BANK, FSB

**WITHOUT RECOURSE BY:** _/s/_
Ray V. Caprio, President
Equihome Mortgage Corp.
A New Jersey Corporation

PAY TO THE ORDER OF
Lehman Brothers Corp.
WITHOUT RECOURSE
LEHMAN BROTHERS HOLDINGS INC.
BY: _/s/_
PAUL B. SVEEN
AUTHORIZED SIGNATORY

Pay To The Order Of
Without Recourse
Lehman Brothers Bank, FSB
_/s/_
L.C. Trautman, Jr.
Vice President

PAY TO THE ORDER OF
LEHMAN BROTHERS HOLDINGS INC.
WITHOUT RECOURSE
LEHMAN BROTHERS BANK, FSB
BY: _/s/_
RICK W. BROSS
VICE PRESIDENT

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | : Bankruptcy No. 17-16606-amc |
|    Emilienne S. Cadet | : Chapter 13 |
|               Debtor | : |
| Wells Fargo Bank, National Association, not in its individual or banking capacity but solely as trustee for the SRMOF II 2011-1 Trust c/o Selene Finance, LP | : |
|               Movant | : |
| vs. | : |
| Emilienne S. Cadet and Joseph B. Cadet (Non-filing Co-Debtor) | : |
|               Debtors/Respondents | : |
|               and | : |
| William C. Miller, Esquire | : |
|               Trustee/Respondent | : |

## **ORDER**

     AND NOW, this \_\_\_\_ day of _____, 2019, upon the Motion of Movant, Wells Fargo Bank, National Association, not in its individual or banking capacity but solely as trustee for the SRMOF II 2011-1 Trust c/o Selene Finance, LP, it is hereby:

     ORDERED THAT: Motion is granted, and the Automatic Stay and Co-Debtor Stay of all proceedings, as provided under 11 U.S.C. § 362 and § 1301 of the Bankruptcy Code is modified and lifted with respect to the premises, 1209 Knorr Street, Philadelphia, PA 19111 as more fully set forth in the legal description attached to said mortgage, to allow Movant or its successors, if any, to exercise its rights under its loan documents.

 

                                                 _____
                                                  Honorable Ashely M. Chan
                                                  U.S. Bankruptcy Judge